UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    *

Vs.                         * Case No. 06-CR-002 (GK)

MANUEL LAGMAY               *

## SENTENCING MEMORANDUM

The Defendant, by and through his attorneys, Robert C. Bonsib, respectfully submits this Memorandum in Aid of Sentencing in the above-captioned matter and in furtherance thereof states as follows:

### I.   INTRODUCTION AND BACKGROUND

On January 5, 2006, the Defendant, Manuel Lagmay entered a plea to a single count criminal information charging him with conspiracy to commit health care fraud in violation of 18 U.S.C., §371. The indictment alleged conduct beginning on or about July 2000 and continuing until on or about December 2003. Sentencing is presently scheduled for March 29, 2006 before the Honorable Gladys Kessler.

A Pre-Sentence Report has been completed. The Advisory Sentencing Guideline calculations are not in dispute and the Defendant agrees that the Pre-Sentence Report accurately calculates the Advisory Guidelines as 24-30 months.

The Defendant respectfully submits that a reasonable sentence, considering the Advisory Guidelines when considered with other sentencing factors which are more fully discussed in this Memorandum and which this Court is to consider pursuant to 18 U.S.C., §3553(a) strongly support the Defendant's request for a sentence that is significantly below the Advisory Guideline range.  Such a sentence would fully meet all the necessary objectives of sentencing.  In addition, the

Defendant is respectfully requesting that this Honorable Court fashion the sentence that would permit him to continue his efforts at meaningful employment and, in particular, allow him to pursue his business ventures in order that he can make full and complete restitution to Howard University Hospital.

## II.     ADVISORY SENTENCING GUIDELINE CALCULATIONS

The Pre-Sentence Report has accurately classified the Final Adjusted Offense level as a 17 with an Advisory Sentencing Guideline Range of 24 to 30 months. This calculation is based upon a base offense level of 6, with 12 levels added for the Specific Offense Characteristic of loss over $200,000.00 and with an additional 2 levels for Mr. Lagmay's role in the offense. Because of the Defendant's timely and prompt acceptance of responsibility and his prompt entry of a guilty plea, the Pre-Sentence Report recommends a 3 level reduction for the Final Adjusted Offense Level of 17.

As already noted, there are no disputes or issues with respect to the Advisory Sentencing Guidelines calculation.

## III.    OFFENSE CONDUCT RELEVANT FOR CONSIDERTION PURSUANT TO 18 U.S.C., §3553(a)

As Mr. Lagmay indicated during the course of his guilty plea hearing, his involvement in the instant offense occurred at the invitation of Maria Teves-Upshur who, at the time of Mr. Lagmay's involvement in the instant offense, had authority to control the processing of invoices for services rendered by the nursing business operated by Mr. Lagmay. Ms. Teves-Upshur both offered Mr. Lagmay an opportunity to participate in the scheme to which he pled guilty and, simultaneously, made it clear to him that if he did not agree to participate in the suggested scheme, that he faced the

2

risk that her processing of his invoices would be delayed and the payments for nursing services rendered by his business would likewise be held up for an unreasonably long period of time. Mr. Lagmay's business was a labor intensive business through which he provided nursing services to the hospital. It was essential that he meet his payroll on a timely basis and a steady cash flow was necessary in order for him to meet those requirements. When Ms. Tever-Upshur threatened to interfere with the timely and orderly processing of his invoices and interrupt his cash flow, Lagmay succumbed to her invitation to him to participate in this unlawful scheme.

At the same time that Ms. Tever-Upshur made this offer to Mr. Lagmay, he and his business were suffering other financial hardships due to the failure of other client hospitals to make timely payment for contracted services that he had provided. As is evidenced in Exhibit No. 1 attached hereto, a number of Mr. Lagmay's clients had either defaulted in or were very late in the payment of their obligations to Mr. Lagmay's business. Mr. Lagmay was aware that Ms. Tever-Upshur knew about his financial difficulties. At the time she solicited Mr. Lagmay's involvement in this scheme, she undoubtedly knew and sought to take advantage of his vulnerable financial position.

As is evidenced from Manuel Lagmay's letter to the Court, which is attached hereto as Exhibit No. 2, Mr. Lagmay is making no excuses for his wrongful conduct but simply wants the Court to understand the difficult business circumstances that made him yield to Ms. Tever-Upshur's offers. His conduct in this case was aberrant, did not and does not reflect the manner in which he had and presently does conduct

his personal and business activities and was simply out of character for him. Manuel Lagmay had attempted to run an honorable and honest business prior to his involvement with Ms. Tever-Upshur. As his letter to the Court states, he is extraordinarily humiliated and embarrassed by his extremely poor decision making in this case. Mr. Lagmay is hopeful that the Court will take into consideration, in imposing sentence, these factors which, while not justifying his decision making, help explain why an otherwise honorable man with no history of unlawful conduct allowed himself to get involved with Ms. Tever-Upshur in this unlawful activity.

### IV.  LAGMAY'S SUBSEQUENT BUSINESS ACTIVITIES AND RESTUTUTION ISSUES

Since Manuel Lagmay's relationship with Howard University was terminated, he has sought to re-direct his business ventures. He is making productive use of his time and has been actively involved in trying to set up a company that will provide a variety of medical supplies in the Philippines. It is his hope that once this business is operational, that it will be successful and will provide sufficient resources for him to fully take care of his responsibilities to make restitution to Howard University Hospital. Obviously, his ability to ensure the success of his business and, particularity to nurture it as it is in its infancy, will be affected by whether he can be physical present to deal with the start up issues common in any new business. See Exhibit No. 3.

While Mr. Lagmay recognizes that this Court must impose punishment consistent with the nature and extent of his involvement in this matter, Mr. Lagmay respectfully request that this Honorable Court consider his desire to make restitution and the need for his involvement in his new business together with the other personal

4

factors set forth in the Memorandum as it determines the terms of a reasonable sentence.

In lieu of a significant period of incarceration, the Court has a number of options that would permit it to impose a reasonable sentence that fairly reflects the nature of Mr. Lagmay's conduct but also takes into consideration his entire life and background. The imposition of a short split-sentence or the imposition of a term of probation with house arrest and work release would permit Mr. Lagmay to both receive a reasonable punishment, while also permitting him the opportunity to continue with his new business venture.

Manuel Lagmay also wishes the Court to note that he personally received approximately $105,000.00 from the scheme which he used to reinvest into his business. The other monies obtained during this scheme were either received by his bookkeeper or by Ms. Tever-Upshur. While he recognizes that this Court may impose restitution for the total loss that this scheme caused Howard University Hospital, to the extent that such loss was part of the scheme to which Mr. Lagmay agreed, he is also hopeful that the Court will take into consideration that he and his company personally benefited to a significantly lesser degree than is reflected by the total loss to Howard University Hospital.

## V.    PERSONAL AND FAMILY FACTORS AND CONSIDERATIONS

As the Pre-Sentence Report notes, Mr. Lagmay has lead a crime free life up to this point in his life. He is a beloved family man, greatly respected by his wife and his children. As the Court can observe when it hears from him during the course of the sentencing hearing, he is a man who is truly remorseful for his conduct. He has a

hard time justifying to himself how an individual, such as himself, who has never knowingly cheated anybody else allowed himself to agree to this scheme. Included in Exhibit 1, with Mr. Lagmay's letter to the Court are: (i) a Certificate of Recognition from the City of Los Angeles; (ii) two profiles of Mr. Lagmay and his company and (iii) a copy of a RN license. Nevertheless, he is recognizes his poor judgment and the criminality of his conduct and is prepared to positively deal with whatever sentence the Court deems to be reasonable under the specific circumstances in his case.

Attached to this motion as Exhibit No. 4 are a series of letters from family and friends that Manuel Lagmay asks that this Honorable Court consider in determining a reasonable sentence. As the Court can see from these letters, Mr. Lagmay is held in the highest regard by the authors of these letters. These are individuals who have known Mr. Lagmay over a period of time and can more properly put in perspective his qualities as a human being and confirm that his failures in judgment in the instant matter were truly aberrant and do not reflect the true quality of his character.

## VI.   SENTENCING RECOMMENDATION

As previously noted, while the Advisory Guidelines suggest a sentence in the 24 to 30 month range, 18 U.S.C, §3553(a) permits the Court to consider other factors in determining the reasonableness of sentence. The Defendant's lack of prior record, his strong family ties, the aberrant nature of the judgments that he made in this case and his willingness to provide full restitution to Howard University Hospital are all factors that support a sentence well below the Advisory Guidelines.

In considering what punishment is required in order to address the need for punishment, it is respectfully submitted that a split sentence or a sentence of probation with home detention is sufficient to accomplish that purpose. Either form of sentence would act as a restriction on Mr. Lagmay's liberty and serve the need for punishment while, at the same time, permitting the Court to advance the other purposes of sentencing which would be to allow Mr. Lagmay to develop his business and earn income sufficient for him to provide restitution to the victim in this matter.

For each and all of the reasons set forth in this Memorandum, it is respectfully requested that this Honorable Court determine that a reasonable sentence in this case is a sentence well below the Advisory Guideline range. Manuel Lagmay respectfully requests that this Honorable Court fashion a sentence that will permit him to continue to work and to remain in or close to his community.

MARCUS & BONSIB

/S/

ROBERT C. BONSIB
6411 Ivy Lane, Suite 116
Greenbelt, Maryland 20772
(301) 441-3000
Bar No. 423-306

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing motion was mailed; postage prepaid this 24th day of March, 2006 to:

Jeannie Rhee
Assistant United States Attorney
Office of the United States Attorney
555 4th Street, N.W.
Washington, D. C. 20530

/S/
_____
ROBERT C. BONSIB